UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>ZAHRA NOWROUZI, et al.,<br><br>        Defendants. | Case No. 21-cv-03039-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

Pending before the Court is Defendants Zahra Nowrouzi's and Rouhollah R. Nowrouzi's motion to dismiss. Dkt. No. 23. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **DENIES** the motion.

## I. BACKGROUND

On April 27, 2021, Plaintiff Brian Whitaker filed this action against Defendants, who own the Café Rio restaurant in Berkeley, California. Dkt. No. 1 ("Compl."). Plaintiff, a quadriplegic who uses a wheelchair for mobility, alleges that he went to the restaurant in April 2021 "with the intention to avail himself of its goods or services motivated in part to determine if the defendants comply with the disability access laws." *Id.* at ¶ 8. However, Plaintiff alleges that the restaurant "fails to provide wheelchair accessible dining surfaces." *Id.* at ¶¶ 10-11. More specifically, Plaintiff alleges that he experienced a "lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users." *Id.* at ¶ 12.

Based on these allegations, Plaintiff brings causes of action for violations of (1) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and (2) the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53. Defendants now move to dismiss the complaint under

Federal Rule of Civil Procedure 12(b)(6).  *See* Dkt. No. 23.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III.  DISCUSSION

Defendants contend that Plaintiff has failed to plead sufficient facts to support an ADA claim. *See* Dkt. No. 23.

Defendants first cite to the Ninth Circuit's recent opinion in *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021). Dkt. No. 23 at 4–5. In *Tesla*, the Court held that the plaintiff had only provided legal conclusions, rather than factual allegations, to support his ADA

claim. *Tesla*, 985 at F.3d at 1177–78. The complaint in that case merely alleged that Tesla had "failed to provide accessible service counters." *Id.* at 1177. In finding that the plaintiff had failed to state a claim, the Ninth Circuit reasoned:

> These allegations do little more than recite the elements of an ADA claim, and fall short of putting Tesla on notice of how the counters prevented Whitaker from full and equal access to the Tesla facility. The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and Tesla were left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises.

*Id.*

Here, Defendants suggest that they too are "completely in the dark as to what [they are] doing wrong as far as equal access for disabled persons." *See* Dkt. No. 23 at 5. However, unlike in *Tesla*, Plaintiff explains how the dining surfaces failed to comply with the ADA. Specifically, Plaintiff alleges that the dining surfaces "lack[ed] [] sufficient knee or toe clearance under the outside dining surfaces for wheelchair users." Compl. at ¶ 12. The Court agrees with the other courts in this district that have found that such allegations are sufficient to state a claim under Rule 12(b)(6), and adopts their reasoning. *See, e.g.*, *Johnson v. Fogo De Chao Churrascaria (San Jose) LLC*, No. 21-CV-02859-BLF, 2021 WL 3913519, at *5 (N.D. Cal. Sept. 1, 2021); *Whitaker v. Surf & Turf, LLC*, No. 21-CV-03100-JCS, 2021 WL 3427122, at *3 (N.D. Cal. Aug. 5, 2021). To the extent Defendants urge that Plaintiff must allege how many tables there were and whether they were all the same dimensions, *see* Dkt. No. 23 at 5, the Court finds that neither *Tesla* nor Rule 8 requires this level of detail. *Accord Surf & Turf*, 2021 WL 3427122, at *3.

Rather than address these cases directly,[1] Defendants contend that Plaintiff's allegations are nevertheless deficient because Plaintiff does not allege whether the tables are "fixed in place." *See* Dkt. No. 23 at 5–6. According to Defendants, only tables that are fixed in place must satisfy ADA standards for knee or toe clearance. Defendants cites to 28 CFR § 36.406, which states that

---

[1] The Court notes that Defendants did not file a reply brief, and instead filed an answer. *See* Dkt. No. 21. Because Defendants did not withdraw its motion to dismiss, however, the Court still addresses it.

3

"[t]he 1991 Standards and the 2010 Standards apply to *fixed* or built-in elements of buildings, structures, site improvements, and pedestrian routes or vehicular ways located on a site." *See id.* at 4 (citing 28 C.F.R. § 36.406(b)) (emphasis added). Defendants appear to assume that the word "fixed" here means that only tables that are bolted to the floor or wall have to comply with ADA standards. *See id.* at 4–5.

Yet Defendants offer little explanation for this narrow interpretation. This does not seem like the only possible interpretation of the term. For example, "fixed" could also refer to elements—such as seating in a restaurant—that are "in a definite and more or less permanent position," as opposed to just temporary.[2] Tables could be considered fixed, therefore, if they are part of the restaurant's permanent seating arrangements as opposed to some kind of temporary seating. Defendants' narrow definition also appears inconsistent with the purpose of the ADA. As the Ninth Circuit recently highlighted, "Congress enacted Title III of the ADA to prohibit disability discrimination in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . .'" *Tesla*, 985 F.3d at 1175 (quoting 42 U.S.C. § 12182(a)). As Plaintiff points out, under Defendants' definition, an establishment could evade the ADA simply by refusing to bolt any of its tables to the floor.[3]

Even if Defendants' interpretation were correct, however, as courts in this district have noted, "the ADA provides protections even if there is no directly applicable regulation setting a specific standard." *See 2008 Shattuck*, 2021 WL 3676967, at *2 (collecting cases). "To survive a Rule 12(b)(6) motion, it is sufficient for a complaint to recite the elements of an ADA claim:

---

[2] *See Fix*, *Oxford English Dictionary*, https://www.oed.com (last visited October 4, 2021); *see also Fixed*, *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary (last visited October 4, 2021) ("[N]ot subject to change or fluctuation.").

[3] Defendants ask the Court to "take judicial notice of the fact that there are only ADA standards for fixed in place dining tables." *See* Dkt. No. 23 at 4. However, Defendants' citation to 28 C.F.R. § 36.406 does not establish that this is the only relevant provision. And in any event, as the Court has explained, Defendants ignore the statutory framework and purpose of the ADA. Defendants also seek judicial notice of various government publications for small businesses. But although the Court may take judicial notice that these publications exist, the Court need not credit them as a correct distillation of the law. *Accord Whitaker v. 2008 Shattuck Ave, LLC*, No. 21-CV-03083-EMC, 2021 WL 3676967, at *2 (N.D. Cal. Aug. 19, 2021). The Court therefore **DENIES** Defendants' request for judicial notice.

4

(1) the plaintiff is disabled; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) barriers affecting plaintiff's disability within defendant's place of accommodation barred the plaintiff from full enjoyment of the facility." *Tesla*, 985 F.3d at 1178. The Court finds that Plaintiff has sufficiently pled each element.

## IV.  CONCLUSION

Accordingly, the Court **DENIES** the motion. The initial case management schedule remains in effect. *See* Dkt. Nos. 5, 31.

**IT IS SO ORDERED.**

Dated: 10/6/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge