UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>ZAHRA NOWROUZI, et al.,<br><br>    Defendants. | Case No. 21-cv-03039-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>Re: Dkt. No. 42 |

Pending before the Court is a motion to withdraw as counsel by Malcolm Leader-Picone, attorney for Defendants Zahra Nowrouzi and Rouhollah R. Nowrouzi. Dkt. No. 42. For the reasons set forth below, the motion is **GRANTED**.

I.    **DISCUSSION**

Mr. Leader-Picone seeks to withdraw as counsel for Defendants because "continued, effective representation would be unreasonably difficult" as "the clients have failed and refused to communicate with counsel." Dkt. No. 42 at 5. Mr. Leader-Picone also cites a "failure to follow counsel's advice" and a "statement that the clients can no longer pay for counsel's services." *Id.*

In this district, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2*

1  *Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009). Under these rules, permissive withdrawal may be granted only by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The rules provide for permissive withdrawal on various grounds, including when "[t]he client . . . breaches an agreement or obligation to the member as to expenses or fees." *Id.*, Rule 3-700(C)(1). But an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

More broadly, courts assessing a motion to withdraw engage in a balancing of the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

Here, Mr. Leader-Picone's request to withdraw satisfies the applicable local rules. He filed this motion on March 10, 2022, providing both Plaintiff and Defendants with well over a month's notice of his potential withdrawal. The Court is also persuaded that the California Rules of Professional Conduct permit withdrawal in this instance. Moreover, in balancing the equities, the Court finds that withdrawal is just, and will not cause any undue prejudice or delay. Mr. Leader-Picone represented in his papers and on the record that Defendants understood Mr. Leader-Picone would be withdrawing as counsel and "that they would be without counsel and would have to handle the lawsuit on their own." Dkt. No. 42-1 (Decl. of Malcolm Leader-Picone) ¶ 13. In the exercise of its discretion, the Court thus finds that withdrawal is warranted. The Court directs Mr. Leader-Picone to accept service of papers for forwarding to Defendants unless and until Defendants appear by other counsel or pro se. *See* Civ. L.R. 11-5(b). Mr. Leader-Picone must also notify Defendants of this condition. *See id.*

## II. CONCLUSION

Accordingly, Mr. Leader-Picone's motion to withdraw as counsel for Defendants is **GRANTED**, subject to the foregoing conditions.

**IT IS SO ORDERED.**

Dated: 4/29/ 2022

                                              /s/ Haywood S. Gilliam, Jr.
HAYWOOD S. GILLIAM, JR.
United States District Judge