UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZAHRA NOWROUZI, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-03039-HSG  (SK)<br><br>**ORDER TO SHOW CAUSE** |

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Consistent with this independent obligation, Plaintiff Brian Whitaker is HEREBY ORDERED to Show Cause ("OSC") in writing why the undersigned should not prepare a report and recommendation that this case should be dismissed for lack of Article III standing.

In *People v. Potter Handy LLP*, Case No. CGC-22-599079, 2022 WL 1102496 (Cal. Super. Ct. 2022), the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles allege that Plaintiff's Counsel files "thousands of boilerplate, cut-and-paste federal-court lawsuits that falsely assert its clients have standing under the federal Americans with Disabilities Act ("ADA")" and use "false standing allegations to get an ADA injunctive-relief claim into federal court." Moreover, the Court notes that since January 1, 2021, Plaintiff has filed 553 cases in this District alone alleging that he visited each of these 553 establishments and intended to return to them to ensure compliance.

In light of these allegations, the Court FURTHER ORDERS Plaintiff's counsel to submit declarations, both from Plaintiff and Counsel under penalty of perjury, substantiating, *in detail*, the allegations that Plaintiff actually visited *Defendants'* establishment as alleged in his Complaint in the first place, along with the 552 other establishments he alleged that he visited in the past two

years in this District.  Additionally, the declaration must substantiate the jurisdictional allegations as to any "real and immediate threat of repeated injury."  *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (cleaned up).  The declarations must adequately address Plaintiff's intent to return to the *Defendants'* establishment.  Alternatively, if Plaintiff alleges deterrence, Counsel's declaration must state how many miles away Plaintiff lives from Defendants' establishment and further describe how and when Plaintiff visited the establishment, how and when he was deterred from patronizing it, Plaintiff's intent to return to the geographic area, and finally his desire to return to the facility were it made accessible.  *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).

Plaintiff shall respond to this OSC and provide the required declarations by no later than January 9, 2023.

**IT IS SO ORDERED**.

Dated: December 12, 2022



SALLIE KIM
United States Magistrate Judge

2